FILOMENA NESTICO, ADMINISTRATRIX, ETC., PLAINTIFF,
v. DELAWARE, LACKAWANNA AND WESTERN RAIL-
ROAD COMPANY, DEFENDANT.

Submitted October 16, 1925—Decided May 5, 1926.

**Negligence—Death of Railroad Track Employe, Through Being
Struck by Railroad Company's Engine—Under Federal Em-
ployers' Liability Act—Verdict Not Found Against Weight of
Evidence, Nor Excessive—Proper to Offer Certificate of Bu-
reau of Vital Statistics Stating Cause of Death.**

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH
and CAMPBELL.

For the rule, *Frederic B. Scott.*

*Contra, Edward A. Markley* and *Charles W. Kappes.*

PER CURIAM.

This was an action brought by the plaintiff under the
Federal Employers' Liability act to recover compensation for
the death of Pasquale Nestico (who was her husband), who
was killed while engaged in work as a track laborer of the
defendant on July 8th, 1923, near Little Falls.   The jury
rendered a verdict in favor of the plaintiff, and the defend-
ant was allowed a rule.

The case of the plaintiff was that, while the decedent
was engaged in his work along the defendant company's
tracks, he was run down by an engine, to which no cars were
attached, and that no warning of any kind was given to him
of its approach, and that the defendant company did nothing
to protect him against danger from it, although, apparently,
it was not running on any schedule.

The first contention is that the verdict is against the weight of the evidence. We think this contention is without merit. The jury was entirely justified in finding that it was the duty of the defendant company to use reasonable care to protect its track laborers while at work on the tracks, and that it had failed in the performance of its duty. There is no suggestion that the engineer who was driving the engine which the plaintiff claimed ran the decedent down blew a whistle or did anything else to give warning of its approach. It is said that the alinement of the track at this point was such as to prevent the engineer from seeing the decedent. But, if that is so, then it was for the jury to say whether the company ought not to have provided some other method of protecting him. It was further argued on this point that, because the engineer testified that he did not see the decedent on the track and did not know that he had been killed until some time after the accident happened, the jury was not justified in finding that the decedent was run down by this engine. We think there was plenty of testimony to support that conclusion.

Next, it is argued that the verdict is excessive. The only ground upon which this contention is rested is that the jury, in fixing the amount of compensation, failed to perform the duty imposed on it by the Federal Employers' Liability act of diminishing the damages to a reasonable extent where it appears that the accident was the result of the contributory negligence of the employe. We think the jury was under no obligation to reduce the damages for this reason, because there was no proof upon which to base a finding of negligence on the part of the decedent. As has already been stated, the decedent, apparently, had no notice whatever that this engine, which was running off schedule, was approaching him, and had no reason to anticipate its presence.

Next, it is argued that the trial court erred in refusing to charge the defendant's ninth request. The plaintiff had offered in evidence the certificate of the bureau of vital statistics evidencing decedent's death and the cause of it. The

defendant requested the court to charge that the portion of the certificate which stated the cause of death should be disregarded by the jury. This the court refused to do, and properly so. Sections 28 and 29 of the Evidence act provide that "all transcripts of death made by any physician according to law shall be received as proper written evidence of the matters and facts contained therein." But, even if the certificate was not evidential on the subject of the cause of death, the refusal to charge was not harmful to the defendant, for the evidence practically demonstrated that the cause of the death was as we have already set forth.

Lastly, it is said that the court erred in directing the jury to disregard evidence submitted on behalf of the defendant as to tests made for the purpose of telling how far an engineer could see from the point where the tests were made to the point where the decedent was struck. This evidence, we think, was clearly immaterial, and the court properly directed the jury to disregard it. If the engineer, because of his inability to see, could not operate his engine in such a way as to avoid running down laborers upon the track, that certainly did not excuse the defendant from its obligation of protection.

The rule to show cause will be discharged.